**United States District Court**
For the Northern District of California

E-FILED on   11/5/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL FERRIGNO,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORP.; KONINKLIJKE PHILIPS ELECTRONICS; VICTORIA ELWELL, HEIN RENSMA, PAUL VAN DER SANDEN, individuals, and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | No. C-09–03085 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES<br><br>**[Re Docket No. 9]** |

On October 30, 2009, the court heard plaintiff's motion to remand this action to the Santa Clara County Superior Court pursuant to Fed. Rule Civ. Pro. 12(b)(1). Plaintiff also moves for an award of attorneys' fees. Defendants oppose both motions. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court denies the motion to remand and the motion for attorneys' fees.

Plaintiff Carl Ferrigno ("plaintiff"), a California resident, filed this action in the Santa Clara County Superior Court on June 12, 2009 alleging five claims for relief: (1) wrongful demotion in violation of public policy; (2) age discrimination (Cal. Gov't Code §12940(h)); (3) retaliation and age-based harassment (Cal. Gov't Code § 12940(g)(j)); (4) breach of oral contract; and (5) unfair

competition and false advertising (Cal. Bus. and Prof. Code §§ 17200 and 17500).[1]  Compl. at 10-15.  Plaintiff named as defendants his employer Koninklijke Philips Electronics and Philips Electronics North America ("Philips NA"), and his supervisors Hein Rensma, Paul van der Sanden, and Victoria Elwell ("Elwell").  Compl. ¶1-6.  With the exception of Elwell, who is a California resident, the supervisors all reside in the Netherlands.  *Id*.

Plaintiff's employer, Koninklijke Philips Electronics, is a Dutch company with employees who directly supervise, manage, control, and operate the activities of its wholly-owned subsidiary Philips NA.  Philips NA is a Delaware corporation with its principal place of business in Massachusetts.  Compl. ¶3, Notice of Removal ¶7.

On July 8, 2009, defendants removed the action to this court on the basis of diversity jurisdiction.  Notice of Removal ¶5.  Defendants contend that Elwell is a sham defendant, whose citizenship should be disregarded for purposes of determining jurisdiction.  *Id*. ¶8.  Plaintiff now seeks to remand the case and moves for attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

The following facts are taken from the complaint.  Plaintiff, an employee of Philips NA, joined the company in 1982 as a buyer and during his past 27 years of employment was promoted to manager, director and ultimately to senior director.  Compl. ¶ 14.  Despite a recent demotion, plaintiff is currently at Grade 90 within the company ranking system which is the highest level attainable below vice president.  *Id*.  Throughout his career with Philips NA, plaintiff consistently received performance reviews of "very good" to "excellent" and received numerous commendations for excellence in his job performance.  Compl. ¶ 15.  As a result of plaintiff's length of service and based on the internal metrics used by Philips NA, plaintiff would ordinarily be entitled to Philips NA's Early Retirement Program as of July 11, 2011.  Compl. ¶ 16.

On December 4, 2008, plaintiff learned of legal and ethical breaches being committed by Philips NA.  Compl. ¶20.  Within 35 days of notifying his supervisors of the violations, plaintiff received a notice of demotion.  *Id*. ¶29.  His new position as individual contributor stripped

---

[1]  Defendant Victoria Elwell, the only California resident among the defendants, is named as a defendant on two of the five causes of action, the claims of (1) age based harassment and retaliation and (2) unfair competition and use of false and misleading statements.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND — No. C-09-03085 RMW
AKT                                      2

1  plaintiff of all management responsibility.  Compl. ¶29.  On January 27, 2009, Elwell, a human
2  resource representative for Philips NA, participated in a telephone conference with plaintiff where
3  she told plaintiff that it was the company's intention to keep him employed until his early
4  retirement date if he agreed to step aside from his current role and into a role with less
5  responsibility in order for a younger man to take his place.  Compl. ¶ 29.  Two weeks later, Elwell
6  called plaintiff and informed him that his only option was to accept employment at-will continuing
7  at the same pay he was receiving.  *Id* ¶33.  Concerned for his job security, plaintiff requested
8  assurance that he would be guaranteed employment with the company up to early retirement,
9  specifically requesting written confirmation.  Compl. ¶32.  Despite a promise from Elwell that she
10 would secure written confirmation in the form of a "stay letter,"  plaintiff never received any
11 promised assurance.  *Id*.  On March 2, 2009, plaintiff sent an email to his supervisor in which he
12 outlined his belief that he was being discriminated against because of his age.  Compl. ¶35.  The
13 only response from the company was email notification that plaintiff's demotion was official as of
14 March 12, 2009.  *Id.*  Plaintiff claims that following his demotion he was given assignments that
15 were "impossible" and that he was "set up by defendants to fail."  Compl. ¶36.

## II. LEGAL STANDARD

### A.   Misjoinder and Complete Diversity

18      Two means exist whereby a litigant can invoke federal subject matter jurisdiction.  First,
19 under federal question jurisdiction, 28 U.S.C. § 1331, district courts have original jurisdiction of
20 "all civil actions arising under the Constitution, laws, or treaties of the United States."  It is
21 undisputed that this case involves state law and does not make a claim under federal law.  Second,
22 federal diversity jurisdiction under 28 U.S.C. § 1332 exists where a matter in controversy exceeds
23 the sum or value of $75,000 and is between citizens of different states.  *Caterpillar Inc. v. Lewis*,
24 519 U.S. 61, 68 (1996).  Ordinarily, federal diversity jurisdiction requires complete diversity of
25 citizenship between the parties opposed in interest.  *Kuntz v. Lamar Corp*., 385 F.3d 1177, 1181
26 (9th Cir. 2004).  However, where a non-diverse party is named in an action merely to avoid
27 diversity jurisdiction, the fraudulent joinder doctrine permits a court to ignore that non-diverse
28 party's citizenship.  *Morris v. Princess Cruises, Inc*. 236 F.3d 1061, 1067 (9th Cir. 2001).

Generally the court determines whether the parties are diverse solely by examining the pleadings, however, where fraudulent joinder is at issue, courts may go somewhat further. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citations omitted). To establish fraudulent joinder, the court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder is a sham. *Morris,* 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). "Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Ritchey*, 139 F.3d at 1318. Despite this allowance there remains a presumption against finding fraudulent joinder and defendants carry a heavy burden of persuasion. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. 2001) (citing *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

Joinder is considered fraudulent or a sham "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d. at 1067 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). An allegation that the joinder of one of the defendants is fraudulent, without more, is not sufficient. *Illinois C. R. Co. v. Sheegog*, 215 U.S. 308, 316 (1909). Accordingly, fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (5th Cir. 1998)). The court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Plute*, 141 F. Supp. 2d at 1008. Additionally, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand. *Archuleta v. American Airlines, Inc*., 2000 WL 656808, at *4 (C.D. May 12, 2000).

Defendants argue that Ewell, the only non-diverse defendant, was misjoined in the state court action and her citizenship should be disregarded when determining diversity jurisdiction. Opp. at 1. Plaintiff argues that he has adequately asserted two viable claims against Elwell -

ORDER DENYING PLAINTIFF'S MOTION TO REMAND — No. C-09-03085 RMW
AKT                                                                 4

harassment under California Government Code Section 12940 and violation of California Business and Professions Code Section 17200 - and that Elwell is therefore appropriately named as defendant. Reply at 8. The court now turns to whether the defendants have met their heavy burden in proving, by clear and convincing evidence, that under well-settled California law plaintiff cannot state a claim against Elwell.

### 1.    Age-Based Harassment §12940(j)

Not all workplace conduct constitutes actionable harassment under Government Code Section 12940. The California Supreme Court has noted a "fundamental distinction" between conduct which may be harassment and as to which an individual employee may be liable, and conduct which is discriminatory and as to which the employer (but not the individual employee) may be liable. *Reno v. Baird*, 18 Cal. 4th 640 (1998). Harassment is the "type of conduct not necessary for the performance of a supervisory job" whereas business and personnel decisions, which may be unlawfully discriminatory, is conduct "inherently necessary to performance of a supervisor's job." *Id.* 18 Cal.4th at 645-46. Harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job. Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties." *Id.* (internal citations omitted). Thus, "commonly necessary personnel management actions such as hiring and firing, job or project assignments, officer or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* (quoting and adopting the analysis of *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63-65 (1996)).

Additionally, harassment "cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 610 (1989). Elwell's

alleged conduct does not meet the required elements to state a claim for harassment. To establish a prima facie claim under Section 12940(j) a plaintiff must show that (1) he was subjected to verbal or physical conduct because of his age, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment." *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc*., 296 F.3d 810, 817 (9th Cir.2002)). In determining whether an environment is "hostile" or "abusive" as a result of harassment the court looks at all the circumstances. These circumstances "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Department of Corrections,* 36 Cal.4th 446, 462, 30 (2005). Plaintiff must show, among other things, that he was harassed based on his protected status, and that the harassment was "severe and pervasive." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

In the present case, Elwell's allegedly harassing conduct includes promising the issuance of a stay letter and later reneging on the promise. Compl. ¶ 63. Even if stay letters were not authorized by the company, such that the alleged conduct was not "necessary" to the performance of her duties, the conduct falls on the side of "commonly necessary personnel management actions" that cannot give rise to a claim for harassment under Section 12940. Furthermore, Elwell's alleged conduct and reneged promise of a stay letter fails to rise to the level of "severe and pervasive" conditions that create an abusive work environment. Therefore, plaintiff fails to allege conduct that is legally or factually sufficient to be actionable under Government Code Section 12940(j).

Plaintiff relies heavily on *Asurmendi v. Tyco Electronics Corp*., where the court upheld a claim of harassment against the named supervisor. 2009 WL 650386 (N.D. Cal. Mar. 11, 2009). However, *Asurmendi* does not support plaintiff's claim on the facts because the conduct found to support the individual harassment claim in *Asurmendi* is categorically different than the conduct purportedly taken by Elwell on behalf of Philips NA. In *Asurmendi,* the supervisor singled out the plaintiff and made ageist comments. *Id.* at *4. The plaintiff was criticized for doing things the

1 "old-fashioned" way. *Id.* In contrast, no affirmative harassing acts have been alleged against
2 Ewell. Plaintiff claims that Elwell informed plaintiff of his demotion as part of her role as human
3 resources supervisor. Mot. at 7. Plaintiff further alleges that Elwell falsely guaranteed him a stay
4 letter. Compl. ¶ 32. There are no facts pleaded to suggest her acts were out of meanness or
5 bigotry nor are there any allegations that Ewell made derogatory or ageist comments. At most
6 plaintiff has pleaded facts that show Elwell acted outside the scope of her authority while in her
7 role as the human resources representative.

    **2.  Unfair Competition § 17200 and §17500**

9   The only other claim asserted against Elwell is a claim under California Business and
10 Professions Code Section 17200 for violation of California's Unfair Competition Law (UCL).
11 Defendants contend that plaintiff cannot maintain a UCL claim against Elwell because his Section
12 17200 claim is expressly based upon the underlying claim for harassment under Government Code
13 Section 12940, which fails for the reasons discussed above. Plaintiff's UCL claim, when
14 predicated on other violations, rises and must fall with the viability of those other claims. *Frank*
15 *Johnson v. Hertz Local Edition Corp.*, 2004 WL 2496164 at *17-18 (N.D. Cal. 2004). Because the
16 complaint does not assert a viable claim against Elwell under Government Code Section 12940, it
17 necessarily fails to state a viable claim against Elwell under the UCL. *Id.*

18   In support of his UCL claim, plaintiff cites *Herr v. Nestle*, where the court found that "an
19 employer which practices age discrimination has an unfair competitive advantage over employers
20 who comply with Section 12940 because older workers frequently are more highly compensated
21 than their younger colleagues." *Herr v. Nestle U.S.A., Inc.*, 109 Cal. App. 4th 779, 782 (2d Dist.
22 2003). The court in *Herr* found that the UCL's remedies are cumulative to the remedies available
23 under the Section 12940, and since a violation of Section 12940 was present the plaintiff could
24 also seek relief under the UCL. *Id.* Here, however plaintiff has failed to state a claim under
25 Section 12940, which makes this case distinguishable from *Herr.* Moreover, in *Herr* the plaintiff
26 limited suit to his employer whereas here plaintiff seeks to bring suit against a supervisor in her
27 individual capacity. Given these two distinctions, *Herr* is not on point, and in this case the
28

viability of plaintiff's UCL claim against Elwell is lost along with the failure of the Section 12940 claim.

Accordingly the court finds that no claim has been asserted against Elwell and that her citizenship may properly be disregarded when determining whether the court has diversity jurisdiction over this case or controversy. When Elwell's citizenship is disregarded, the remaining parties are diverse and the court therefore has jurisdiction. Plaintiff's motion to remand is denied.

**B.    Attorneys' Fees**

Plaintiff seeks to recover reasonable attorneys' fees incurred as a result of litigating against defendants' removal. Doc. Nos.1, 9. Plaintiff's motion is denied. Because the court has denied the motion to remand, there is no basis upon which to award attorneys' fees.

### III. ORDER

For the foregoing reasons, the court denies plaintiff's motion to remand and motion for attorneys' fees.

DATED:      11/5/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Joseph Heathcliff Ainley          joeainley@gmail.com

**Counsel for Defendants:**

Thomas Michael McInerney     tmm@ogletreedeakins.com,
Erica Rocush                           erica.rocush@ogletreedeakins.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/5/09                                          TER
                                                                    **Chambers of Judge Whyte**