1
2
3
4                                          **E-FILED on** ___6/1/2010___
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                       SAN JOSE DIVISION
11

**United States District Court**
For the Northern District of California

12   CARL FERRIGNO,                          No. C-09–03085 RMW

13                    Plaintiff,

14   v.                                      ORDER GRANTING IN PART AND
                                             DENYING IN PART FOREIGN
15   PHILIPS ELECTRONICS NORTH               DEFENDANTS' MOTION TO DISMISS
     AMERICA CORP.; KONINKLIJKE
16   PHILIPS ELECTRONICS; VICTORIA           **[Re Docket No. 35]**
     ELWELL, HEIN RENSMA, PAUL VAN
17   DER SANDEN, individuals, and DOES 1
     THROUGH 100, inclusive,
18
                     Defendants.
19

20        On May 14, 2010, the court heard the motion to dismiss for insufficient service of process

21   and for lack of personal jurisdiction by defendants Koninklijke Philips Electronics, N.V., Hein

22   Rensma and Paul Van Der Sanden.  Plaintiff opposes the motion.  Having considered the papers

23   submitted by the parties and the arguments of counsel at hearing, and for good cause appearing,

24   the motion is granted in part and denied in part.

25        Plaintiff Carl Ferrigno ("plaintiff"), a California resident, filed this action in the Santa Clara

26   County Superior Court on June 12, 2009 alleging five claims for relief: (1) wrongful demotion in

27   violation of public policy; (2) age discrimination (Cal. Gov't Code §12940(h)); (3) retaliation and

28

United States District Court
For the Northern District of California

1  age-based harassment (Cal. Gov't Code § 12940(g)(j)); (4) breach of oral contract; and (5) unfair

2  competition and false advertising (Cal. Bus. and Prof. Code §§ 17200 and 17500).  Compl. at 10-

3  15.  Plaintiff named as defendants his employer Philips Electronics North America ("PENAC"), a

4  parent company Koninklijke Philips Electronics ("KPE"), his supervisor Hein Rensma, and two

5  additional management employees, Paul van der Sanden and Victoria Elwell.  Compl. ¶1-6.

6  Defendants Rensma and Van Der Sanden are citizens of the Netherlands who reside in the

7  Netherlands and are employed by a non-party Philips subsidiary, Philips Electronics Nederland

8  B.V.  Defendant KPE is a Netherlands corporation with its principal place of business in the

9  Netherlands.

10  **I.    <u>Service of Process.</u>**

11  Defendants first seek dismissal on the ground that plaintiff has not validly served them

12  with process.   The state court issued summons on June 12, 2009, and on July 6, 2009, plaintiff

13  sought to serve these defendants pursuant to California Civil Procedure Section 415.40, which

14  authorizes service on a person outside the state by sending a copy of the summons and complaint

15  to the person to be served by first class mail, postage prepaid, requiring a return receipt.  Two days

16  later, on July 8, 2009, defendant Philips Electronics North America, removed the action to federal

17  court.

18  Defendants argue that service was not effective because service was not complete until

19  after removal.  Motion at 1.  Defendants argue that under CCP §415.40, service "is deemed

20  complete on the 10th day after such mailing" and thus was not complete until July 16, 2009, eight

21  days after removal.  Motion at 1.  Defendants argue that where a defendant has not been served

22  with state process prior to removal, "the federal court cannot 'complete' the state process by

23  permitting it to be served after removal; rather the federal court must issue new process pursuant to

24  Rule 4 of the Federal Rules of Civil Procedure.  The state court process becomes null and void on

25  the date the action is removed to federal court." *Beecher v. Wallace*, 864 F.2d 85, 87 (9th Cir.

26  1988).

27  Plaintiff argues in opposition that service was effective upon mailing, pursuant to CCP

28  415.40.  The ten-day provision in Section 415.40 merely lengthens the period by which a

defendant may respond to service.  Opposition at 2, citing *Johnson & Johnson v. Superior Court*, 38 Cal.3d 243, 248 (1985) and *Ginns v. Shumate*, 65 Cal.App.3d 802 (1977).  Thus, according to plaintiff, the foreign defendants were served prior to removal.

Plaintiff has the better argument and *Johnson & Johnson* is controlling.  Section 415.40 provides:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.  Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. C. §415.40.  The California Supreme Court held that "this language is properly interpreted as making service effective on the date of mailing, while permitting a 10-day grace period before the time for the defendant to answer begins." *Id.* at 250, 252.  Additionally, the Ninth Circuit's decision in *Beecher* supports this conclusion.  There, the court noted that

> Some states provide that service of process shall not be deemed complete until a return thereon is filed in the state court.  If, under state law, the filing of the return is not necessary to confer jurisdiction (the fact of service being enough), such service may be completed[1] in the federal court by permitting the return to be filed there after removal.

*Beecher*, 381 F.2d at 373.  Under *Beecher's* example, service could be complete, after removal, by filing the return in federal court.  Logically, then, the same result should occur here, where service is complete by the mere passage of time, which expired post-removal.  Defendants' reading of *Beecher* is inaccurate.

Accordingly, the fact that a defendant removed this action to federal court less than ten days after plaintiff mailed the summons and complaint to overseas defendants does not prevent such service from being effective when mailed, nor does it require the issuance of federal process to be served on such defendants pursuant to Rule 4.  Service appears proper, and defendants' motion to dismiss on this ground is denied.[1]

## II.  Personal Jurisdiction

---

[1] Neither side's papers addressed the question of whether service was proper under the Hague Service Convention.  Cal. Civ. Proc. C. §413.10(c).  At oral argument, the parties conceded that service by mail satisfied the convention.

1    Defendants KPE, Rensma and Van Der Sanden also seek dismissal for lack of personal

2  jurisdiction over them.  Plaintiff concedes that there is no personal jurisdiction over Van Der

3  Sanden, but otherwise contends that the court may exercise personal jurisdiction over both KPE

4  and Rensma.  Each will be addressed in turn.

5    **A.  <u>Legal Standard</u>**

6    The California long-arm statute permits a court to exercise jurisdiction over non-resident

7  defendants "on any basis not inconsistent with the Constitution of this state or of the United

8  States." CAL. CIV. PROC. CODE § 410.10.  Because California's long-arm jurisdictional statute is

9  coextensive with federal due process requirements, the jurisdictional inquiries under state law and

10  federal due process merge into one analysis.  *FDIC v. British-American Ins. Co.*, 828 F.2d 1439,

11  1441 (9th Cir. 1987).  For a court to exercise personal jurisdiction over a non-resident defendant,

12  that defendant must possess sufficient "minimum contacts" with the forum such that the exercise

13  of jurisdiction "does not offend traditional notions of fair play and substantial justice."

14  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe*

15  *Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Plaintiff bears the burden of proving that personal

16  jurisdiction exists.  *Doe v. Unocal Corp.*, 248 F.3d 915, 921 (9th Cir. 2001).

17    Personal jurisdiction may either be general or specific.  General jurisdiction requires that a

18  defendant engage in systematic and continuous contacts with the forum state so as to approximate

19  physical presence within the forum state.  *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223

20  F.3d 1082, 1086 (9th Cir. 2000).  Specific jurisdiction is appropriate where the defendant has

21  purposefully directed his activities at the forum or purposefully availed himself of the privilege of

22  conducting activities in the forum, the claims must arise out of defendant's forum-related activity,

23  and the exercise of jurisdiction must be reasonable.  *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287

24  F.3d 1182, 1188-89 (9th Cir. 2001).

25    **B.    <u>Defendant KPE</u>**

26    Defendant KPE argues that there is no personal jurisdiction over it.  KPE is a Dutch

27  company with a principal place of business in the Netherlands.  Plaintiff is not employed by KPE,

28  however, but is instead employed by PENAC, which is a wholly owned subsidiary of Philis

United States District Court
For the Northern District of California

1   Holding USA, Inc., which in turn is an indirectly wholly-owned subsidiary of KPE.  Durchak

2   Decl. ¶¶ 2-3.  KPE does not operate PENAC and its employees do not manage PENAC.  KPE does

3   not have a place of business in the United States, does not employ anyone in the United States, and

4   does not conduct business in the United States.

5          Plaintiff seeks to establish personal jurisdiction over KPE based on the connection between

6   the forum and KPE's subsidiary, defendant PENAC.  Plaintiff contends that there are two bases

7   upon which the court may exercise personal jurisdiction over defendant KPE, specifically, that

8   KPE is the alter ego of PENAC and that PENAC is the agent of KPE.  Plaintiff, however, has

9   failed to meet its burden of establishing either alter ego or agency.

10         With regard to the alter ego theory, plaintiff concedes that in order to "pierce the corporate

11  veil" for jurisdictional purposes, he must establish a prima facie case for alter ego liability, which

12  requires plaintiff to establish that there is such a unity of interest in ownership between the

13  corporate entities that in reality no separate entities exist, and 2) that failure to disregard the

14  separate entities would result in fraud or injustice.  Opp. at 7, citing *American Tel. & Tel. Co. v.*

15  *Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).   Plaintiff argues that KPE is the

16  100% owner of the subsidiaries and that on defendant's website, in its financial statements, and in

17  its press releases, "Philips" promotes itself as a single entity, and thus contends that the two-part

18  test has been met.  Plaintiff's showing is insufficient, however, and plaintiff has failed to meet this

19  burden.

20         The mere existence of a parent-subsidiary relationship is not sufficient to establish personal

21  jurisdiction over the parent. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  100%

22  ownership by the parent, is thus not sufficient.  To establish the first prong of the test, plaintiff

23  must make a showing that the parent controls the subsidiary to such a degree as to render the

24  subsidiary a mere instrumentality of the parent.  *Id.* at 926.  Plaintiff has not offered evidence,

25  however, to establish that KPE is involved in the day-to-day operations of the subsidiary.  The *Doe*

26  court also rejected claims of alter ego based on references the parent's annual reports.  *Doe* 248

27  F.3d at 928.

28

**United States District Court**
For the Northern District of California

1    Plaintiff has also failed to establish the second prong, that the failure to disregard the

2  corporate entities would result in fraud or injustice.  Plaintiff's argument is that he *may* be left

3  without a remedy if the foreign defendants "are dismissed there would be no viable remaining

4  defendant.  The obvious next step for PENAC would be to assert that it had no operational control

5  over plaintiff, did not review plaintiff, did not demote plaintiff, did not take any action against

6  plaintiff, and therefore, plaintiff would be left without any recourse."  Opp. at 8.  As defendants

7  observe, however, PENAC has appeared and is defending this action and has conceded that it is

8  plaintiff's employer.  Reply at 7.  Plaintiff has not established that fraud or injustice would

9  necessarily result if the separate entities were not disregarded.

10    Plaintiff has also failed to establish that PENAC is the agent of KPE such that its contacts

11  with the forum may be attributable to KPE to establish personal jurisdiction.  In order to establish

12  agency, plaintiff must establish that "the subsidiary functions as the parent corporation's

13  representative in that it performs services that are sufficiently important to the foreign corporation

14  that if it did not have a representative to perform them, the corporation's own officials would

15  undertake to perform substantially similar services."  *Doe*, 248 F.3d at 928, citing *Chan v. Society*

16  *Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994).  Plaintiff argues that "[o]ne has no farther to

17  look than the annual report of Philips and the trading of "Philips" on the New York Stock

18  Exchange to recognize that if not for the existence of its various operating subsidiary entities, the

19  corporate parent would, to earn revenue and to trade on the New York Stock Exchange, engage in

20  exactly the same activities that the corporate subsidiaries engage in."  Opp. at 8-9.  This showing,

21  however, is insufficient.

22    *Doe* recognized that in the case of a parent company that is a holding company, the

23  subsidiary is not an agent. *Doe*, 248 F.3d at 929.  In the case of a holding company, the subsidiary

24  does not perform any functions that the parent would otherwise have to perform; in the absence of

25  this subsidiary, the parent could simply hold another type of subsidiary.  *Id.*  Defendants argue that

26  it is undisputed that KPE is a holding company that has invested in PENAC for purposes of

27  diversifying its risk.  If PENAC did not exist, KPE could invest in another subsidiary.  PENAC

28  does not provide any integral services such as tax or corporate finance for KPE.  Plaintiff has not

ORDER GRANTING IN PART AND DENYING IN PART FOREIGN DEFENDANTS' MOTION TO DISMISS — No. C-09-03085
RMW
TER                                                        6

United States District Court
For the Northern District of California

1   meaningfully established otherwise.  Therefore, PENAC is not an agent of KPE and PENAC's

2   contacts with California cannot be imputed to KPE for the purposes of establishing personal

3   jurisdiction.

4        Accordingly, defendant KPE's motion to dismiss for lack of personal jurisdiction is

5   granted.

6        **C.    Defendant Rensma**

7        Defendant Rensma also moves to dismiss based on lack of personal jurisdiction.  Plaintiff

8   contends that there is both general jurisdiction and specific jurisdiction over Rensma.  The court

9   disagrees.  Rensma's modest contacts with California are woefully inadequate to establish general

10  jurisdiction over him.  Thus, specific jurisdiction offers the only possibility for exercising personal

11  jurisdiction over Rensma, but in order for specific jurisdiction to apply, the claims asserted against

12  the defendant must arise out of defendant's forum-related activity and the exercise of jurisdiction

13  must be reasonable.  *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188-89 (9th Cir.

14  2001).   Here, plaintiff asserts claims against Rensma for age-based discrimination, harassment and

15  retaliation, and for unfair competition based upon that same conduct.  Complaint (Second, Third

16  and Fifth Claims for Relief).

17       Defendant Rensma argues that his only relevant contacts with California have been in his

18  capacity as an agent and employee of Philips General Purchasing, and cites authority for the

19  proposition that the acts of corporate officers and directors in their official capacities are

20  considered to be exclusively acts of the corporation and are not material for purposes of

21  establishing whether individuals have sufficient minimum contacts with the forum state.  Reply at

22  10, citing *Colt Studio, Inc. v. Badpuppy Enterprises*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999),

23  and *Taylor-Rush v. Multi-Tech. Corp.*, 217 Cal.App.3d 103, 113 (1990).   Defendant overstates the

24  holdings of *Colt* and *Taylor-Rush*.  More importantly, the Supreme Court, however, squarely

25  refuted this argument in *Calder v. Jones*, 465 U.S. 783, 790 (1984).  *See also Keeton v Hustler*

26  *Magazine, Inc.*, 465 U.S. 770, 781 at n. 13 (1984) (observing that *Calder v. Jones* "reject[ed] the

27  suggestion that employees who act in their official capacity are somehow shielded from suit in

28  their individual capacity"); *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 521-22 (9th Cir.

ORDER GRANTING IN PART AND DENYING IN PART FOREIGN DEFENDANTS' MOTION TO DISMISS — No. C-09-03085
RMW
TER                                                            7

1989).  Thus, for jurisdictional purposes, the fact that a defendant was acting within the scope of his employment is not dispositive; what matters instead for specific jurisdiction is whether plaintiff's claims against that out–of–state defendant arise out his contacts with the forum such that the exercise of personal jurisdiction over him would not offend traditional notions of fair play and substantial justice.

Plaintiff asserts claims against Rensma for age-based discrimination, retaliation, and age-based harassment in violation of California law.  The gist of these claims is that plaintiff was wrongfully demoted on the basis of his age and in retaliation for his having complained about acts of age discrimination.  As noted above, defendant Rensma was plaintiff's supervisor.  It appears undisputed for purposes of the present motion that Rensma was involved in the performance evaluation and demotion that form the basis of plaintiff's complaint, and that these acts (as well as other supervisory acts by Rensma) occurred via telephone and e-mail while Rensma was in The Netherlands and while plaintiff was in California.  Thus, it appears that the first of the two prongs of the test for specific jurisdiction is satisfied.  Plaintiff's claims arise out of defendant Rensma's relevant forum-related activity, specifically his acts of supervising, demoting, discriminating and retaliating against plaintiff based on plaintiff's age and complaints of age-based discrimination.

Defendant, however, argues that his forum-related conduct (acts of managing plaintiff) cannot be used to establish personal jurisdiction here because none of those acts could create any personal liability for Rensma.  Motion at 12 and Reply at 11, citing *Davis*, 885 F.2d at 521.  Specifically, defendant argues that he cannot be liable to plaintiff for age discrimination or retaliation under FEHA because such claims cannot be maintained against an individual and that plaintiff  may not assert a claim for harassment against him because the facts, as pleaded, do not constitute actionable harassment.  Motion at 12 and Reply at 12, citing *Reno v. Baird*, 18 Cal.4th 640, 643 (1998) (discrimination and retaliation), and *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008) (harassment).  In effect, defendant Rensma argues that there can be no personal jurisdiction over him because plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff offers no response to defendant's argument.

ORDER GRANTING IN PART AND DENYING IN PART FOREIGN DEFENDANTS' MOTION TO DISMISS — No. C-09-03085 RMW
TER

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    Nevertheless, the court is not persuaded. *Davis* and its discussion of the fiduciary shield

2  doctrine does not stand for the proposition that there is no personal jurisdiction over an out-of-state

3  defendant if the claim asserted against him is legally deficient.  It may very well be that plaintiff's

4  complaint would be vulnerable to a motion to dismiss for failure to state a claim – an issue the

5  court does not reach on the present record – but for purposes of the jurisdictional analysis, the

6  inquiry is whether the asserted claims arise out of defendant's forum-related activities.  Here they

7  do.  The fact that the asserted claims may be legally deficient for other reasons does not diminish

8  the fact that the asserted claims arise out of the forum-related conduct.

9    Accordingly, defendant Rensma's motion to dismiss is denied.

10                                        **II. ORDER**

11    For the foregoing reasons, the court orders as follows:

12    1.    The motion to dismiss for invalid service of process is denied.

13    2.    Defendant Paul Van Der Sanden's motion to dismiss for lack of personal

14  jurisdiction is granted.

15    3.    Defendant Koninklijke Philips Electronics N.V.'s motion to dismiss for lack of

16  personal jurisdiction is granted; and

17    4.    Defendant Hein Rensma's motion to dismiss for lack of personal jurisdiction is

18  denied.

19

20

21

22  DATED:    _____6/1/2010_____    _____

23                                        RONALD M. WHYTE
                                          United States District Judge

24

25

26

27

28

1

**Notice of this document has been electronically sent to:**

2

**Counsel for Plaintiff:**

3

Joseph Heathcliff Ainley          joeainley@gmail.com

4

5

**Counsel for Defendants:**

6

Thomas Michael McInerney          tmm@ogletreedeakins.com,
Erica Rocush          erica.rocush@ogletreedeakins.com

7

8

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10

**Dated:**      6/1/10                          _____
                                                          TER

11                                                **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART FOREIGN DEFENDANTS' MOTION TO DISMISS — No. C-09-03085 RMW
TER